UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


CHRISTINE ALTER,                                        Case No.: 1:12-CV - 00737-AC

                          Plaintiff,                    FINDINGS & RECOMMENDATION

          v.

COMMISSIONER of Social Security,

                          Defendant.
_____

ACOSTA, Magistrate Judge:

          Claimant Christine Alter ("Alter") moves for attorney fees pursuant to 42 U.S.C. § 406(b),

which permits a court to award attorney fees to the attorney of a successful Social Security claimant,

so long as such award is "a reasonable fee for such representation" and "not in excess of 25 percent

of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C. § 496(b)(1)(A).

Although Alter is the claimant in this case, the real party in interest to this motion is her attorney

Tim Wilborn ("Wilborn"). The Commissioner does not oppose the motion, but merely acts in a

manner similar to a "trustee for the claimant[]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002).

Having reviewed the proceedings below and the amount of fees sought, the court concludes that

Wilborn is entitled to seventy percent of the fees sought under section 406(b).


FINDINGS & RECOMMENDATION            1                                    {RBJ}

*Procedural Background*

Alter filed for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI") on September 3, 2008, alleging a disability onset date of August 1, 2006, due to back pain, arthritis, nerve damage, a disc condition, hip and knee pain, neuropathy, neck and shoulder pain, fibromyalgia, blurred vision, memory problems, depression, anxiety, and incontinence. The claim was denied initially and upon reconsideration. An Administrative Law Judge held a hearing on August 5, 2010, and issued a decision on August 27, 2010, finding Alter not disabled. Alter requested review of this decision on September 7, 2010. The Appeals Council denied this request, making the ALJ's decision the Commissioner's final decision. Alter filed for review of the final decision in this court on April 25, 2012.

Alter challenged the ALJ's ruling on five grounds: (1) improperly rejecting the claimant's testimony; (2) failing to consider medications side effects; (3) failing to fully and fairly develop the record; (4) improperly rejecting lay witness statements; and (5) providing an invalid vocational hypothesis. The Commissioner opposed these challenges and contended that the ALJ's decision should be affirmed. The court found in Alter's favor on all five grounds, reversed the Commissioner's decision, and remanded for an award of benefits.

*Discussion*

After entering a judgment in favor of a Social Security claimant represented by counsel, the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of

the agreed upon amount.'" *Dunnigan v. Astrue,* No. CV 07-1645-AC, 2009 WL 6067058, at *7 (D. Or. Dec. 23, 2009), *adopted* 2010 WL 1029809 (March 17, 2010) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 n.17 (2002)). A fee award under section 406(b) is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Dunnigan*, 2009 WL 6067058, at *7.

I.   Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingent fee agreement to determine whether it is within the statutory twenty-five percent cap. On May 5, 2012, Alter and Wilborn executed a contingent-fee agreement providing that if it became necessary to appeal Alter's case to federal court and Wilborn obtained payment, Alter would pay Wilborn either twenty-five percent of Alter's past-due benefits or whatever amount Wilborn was able to obtain under the Equal Access to Justice Act ("EAJA"), whichever was greater. In the motion for attorney fees, Wilborn requests the court award $27,613.25, which is twenty-five percent of Alter's past-due benefits award. Wilborn previously received a $6,100.00 attorney fee award under the EAJA, which will offset part of the $27,613.25 award if the court rules in his favor. Thus, Wilborn, today requests $21,513.25.

II.   Reasonableness Factors

Counsel bears the burden of establishing the reasonableness of the requested fee. *Gusbrecht*, 535 at 807. While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Id.* at 793, 807. The court must ensure that a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel. *Crawford v.*

*Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht,* 535 U.S. at 808).  The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit as derived from the Court's analysis in *Gisbrecht*:

1.   the character of representation, specifically, whether the representation was substandard;
2.   the results the representative achieved;
3.   any delay attributable to the attorney seeking the fee; and
4.   whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that any attorney would receive and unwarranted windfall.

*Crawford*, 586 F.3d at 1151-1153 (citations omitted).

An award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award. *Dunnigan*, 2009 WL 6067058, at *12.  If obtaining benefits always supported awarding fees for the maximum amount provided by statute, the other *Gisbrecht* factors and the trial courts' assigned task of "making reasonableness determination in a wide variety of contexts" would be unnecessary.  *Id.* (quoting *Gisbrecht*, 535 U.S. at 808) (internal quotation marks omitted).

Counsel bears the burden of establishing the reasonableness of the fee requested.  *Gisbrecht*, 535 U.S. at 807.  While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected.  *Id.* at  793, 807.  The court must ensure a disabled claimant is protected from surrendering the retroactive disability benefits in a disproportionate payment to counsel.  *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808).  The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit as derived from the Court's analysis in *Gisbrecht*: (1) the character of the representation, specifically, whether the representation was substandard, (2) the results the

representative achieved, (3) any delay attributable to the attorney seeking the fee, and (4) whether the benefits obtained were "not in proportion to the time spent on the case and raise the specter that the attorney would receive an unwarranted windfall." *Crawford*, 586 F.3d at 1151-53 (citations omitted).

In *Crawford*, the Ninth Circuit identified the risk inherent in representation on a contingency basis as an appropriate factor to consider in determining a section 406(b) award. The court focused the risk inquiry, however, stating "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." *Id.* at 1153.

### A. The Character of Representation

Substandard performance by a legal representative may warrant a reduction in a section 406(b) fee award. *Crawford*, 586 F.3d at 1151. The record in this case provides no basis for a reduction in the requested section 406(b) fee based solely on the character of Wilborn's representation.

### B. Results Achieved

The court may properly reduce the fee for substandard performance. *Id.* at 1151. Here, the court ordered a remand for an award of benefits. Wilborn successfully argued for reversal on several grounds and achieved the ideal result for his client. Thus, the court finds no reason for reducing Wilborn's award due to the results achieved.

*C. Undue Delays*

A court may reduce a section 406(b) award for undue delay in proceedings attributable to claimant's counsel. *Crawford*, 586 F.3d at 1151. Alter's opening brief was originally due in this case on October 29, 2012. Due to "multiple conflicting deadlines," Wilborn moved for a sixty-day extension, which the court granted, making the new due date for Alter's opening brief January 2, 2013. On December 27, 2012, Wilborn moved again for an extension of time, this time for forty-five days, to file Alter's opening brief. The court again granted the motion and the new due date became February 2, 2013. This extension effectively delayed Alter's case for 105 days and increased her past-due benefits by approximately $5,450.00.

There is no evidence, however, that the request for an extension was for the purpose of delaying proceedings in order to accrue additional benefits. As the court noted in *Pennington v. Comm'r*, CV 07-1816-ST, 2010 WL 3491522, at *7-8 (D. Or. July 29, 2010): "The 'excessive delay doctrine' has its roots in earlier cases denying 25% fee requests in social security cases where several years passed between the completion of briefing and the rendering of judgment by the district court." As the court there noted, the "type and magnitude of delay at issue" in the cases giving rise to the excessive delay doctrine is not present in this case. *Id.*; *see also Clester v. Comm'r*, Civil No. 09-765-ST, 2011 WL 344036, at *7-8 (D. Or. Jan. 7, 2011) ("Clester's attorney sought only two unopposed requests for extensions of time, for a total of 105 days. These extensions of time are reasonable and do not suggest any intent to unnecessarily delay the proceedings in order to maximize the attorney's fee award. Thus, no deduction for delay is warranted."). Because the total delay was only 105 days and did not materially increase the amount of past-due benefits, the court finds that this factor weighs neither for nor against reducing Wilborn's fee.

*D. Proportionality*

Finally, a district court may reduce a section 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). In *Gisbrect*, the Supreme Court explained that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

Wilborn requests a total of $27,613.25 for a total of 33.2 hours of work associated with litigating this case before the district court.[1] A review of the administrative record and pleadings filed in this case reveals a lengthy and complex medical record involving numerous medical practitioners. Wilborn argues that such a fee is reasonable, given that, according to the Oregon State Bar 2008 Litigation Section Hourly Rate Survey, "the average and median hourly rate for members of the Litigation Section is approximately $250 - $274. Wilborn additionally notes that his own non-contingent hourly rate as a consultant for SSD/SSI disability matters is $375 per hour.

Wilborn urges the court to accept the full request because of the inherent risk involved in adjudicating a social security administrative appeal. To that end, Wilborn suggests the court apply a contingency multiplier of 3.79 to account for the average risk of nonpayment in Social Security Disability appeals. Applying the multiplier to Wilborn's non-contingency fee would result in a contingent hourly rate of $1,421.25. However, rather than enhancing social security attorney fee awards automatically based on the average risk involved in taking on social security benefits

---

[1] Mr. Wilborn is the only attorney of record on this case. The court, however, notes that the time records for representation in this matter indicate that Mr. Wilborn was responsible for only 16.70 of the 33.20 hours expended in this case. The other 16.50 hours were performed by attorney Betsy Stephens. Though not explicitly conveyed, the court assumes that Ms. Stephens is an attorney within the same firm as Mr. Wilborn.

appeals, *Crawford* instructs the court to consider "the specific facts that make a given case more or less risky to the firm." 586 F.3d at 1152. The burden is on the attorney to "[s]how that the fee is reasonable based on the facts of the particular case." Wilborn did not present facts which demonstrate that Alter's case was especially risky for his firm to adjudicate.

As Judge Mosman observed in *Harlan v. Commissioner*, 497 F. Supp. 2d 12 14, 1215-1216 (D. Or. 2007), "[t]here is some consensus among the district courts that 20-40 hours is a reasonable amount of time to spend on a social security case that does not present particular difficulty." The Sixth Circuit's view is that full fee award of 25% of past due benefits should be the exception and should not routinely translate to an award of the statutory maximum contingent fee. *Rodriguez v. Bowen*, 865 F.2d 739, 746-747 (6th Cir. 1989). Here, the record does not justify a high contingent fee award, and Wilborn fails to meet his burden of proving that Alter's case was inherently risky. Further, Wilborn spent 33.2 hours on this case which, under Judge Mosman's formulation in *Harlan,* falls squarely within the average range of time spent on these types of cases. Consistent with that view, this court will award a moderate attorney fee as the appropriate compensation based on the *Crawford* factors.

In this case, the court concludes that Wilborn's § 406(b) fee request should be reduced to seventy percent of the total requested for an amount equaling $19,329.28. This reduction accounts primarily for the fact that this case presented an average amount of risk and Wilborn invested an average amount of time in the case but also accounts for the fact that Wilborn obtained the best possible outcome for his client, an immediate award of benefits. The court's fee award here results in an hourly rate of $582.20, a per hour rate more than thirty percent higher than Wilborn's usual $375.00 average hourly rate as a consultant in these types of cases. Therefore, the court concludes

that since the degree of risk was typical and Wilborn did not spend an exceptional amount of time on the case, the attorney fee should reflect the amount of effort needed to resolve the case.

*Conclusion*

Based on the foregoing analysis, the court concludes that Wilborn's Unopposed Motion for Attorney's Fees Pursuant to 42 U.S.C § 406(b) (Dkt. No. 30) should be GRANTED in part and DENIED in part. Wilborn is entitled to a § 406(b) award of $ 19,329.28 which, when reduced by Wilborn's $6,100.00 EAJA award, yields a net fee of $13,229.28.

*Scheduling Order*

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due May 30, 2014. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 16th day of May, 2014.

                                        _____/s/ John V. Acosta_____
                                              JOHN V. ACOSTA
                                        United States Magistrate Judge

FINDINGS & RECOMMENDATION          9                              {RBJ}