IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| **CHRISTINE ALTER**, | Case No. 1:12-cv-00737-AC |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Acting Commissioner of Social Security, | |
| Defendant. | |

Tim D. Wilborn, WILBORN LAW OFFICE, P.C., P.O. Box 370578, Las Vegas, NV 89137. Of Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97201; Nicole Jabaily, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in

this case on May 16, 2014. Dkt. 33. Judge Acosta recommended that the Court grant in part and

deny in part the unopposed motion for attorney's fees pursuant to 42 U.S.C. § 406(b) filed by

counsel for Plaintiff Christine Alter.

PAGE 1 – OPINION AND ORDER

Plaintiff Christine Alter's counsel timely filed objections to the Magistrate's Findings and Recommendation. Dkt. 35. Defendant responded to counsel's objections. Dkt. 37. Plaintiff's counsel objects to Judge Acosta's finding that the attorney's fee requested pursuant to 42 U.S.C. § 406(b) is not in proportion to the time spent on the case. Plaintiff's counsel also objects to Judge Acosta's recommendation that the petition for fees in the amount of $27,613.25 be reduced to $19,329.28, approximately 70 percent of the total requested fee amount.

## STANDARDS

### A.  Review of Magistrate's Findings and Recommendation

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendation, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendation to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendation for "clear error on the face of the record."

PAGE 2 – OPINION AND ORDER

**B.  Fees Pursuant to 42 U.S.C. § 406(b)**

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security

disability insurance claimant who was represented by an attorney "may determine and allow as

part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the

total of the past-due benefits to which the claimant is entitled by reason of such judgment."

*Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). Counsel requesting the fee bears the

burden to establish the reasonableness of the requested fee. *Gisbrecht v. Barnhart*, 535 U.S. 789,

807 (2002). The attorney's fee award is paid by the claimant out of the past-due benefits

awarded; the losing party is not responsible for payment. *Gisbrecht*, 535 U.S. at 802.

A court reviewing a request for attorney's fees under § 406(b) "must respect 'the primacy

of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then

testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793,

808). Routine approval of fees pursuant to a contingency fee agreement calling for the statutory

maximum is, however, disfavored. *See Fintics v. Colvin*, 2013 WL 5524691, at *2 (D. Or. Oct. 2,

2013). Contingent fee agreements that fail to "yield reasonable results in particular cases" may

be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the

reasonableness of the requested attorney's fees, but courts may consider the character of the

representation, the results achieved, whether there was delay attributable to the attorney seeking

the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to

attorneys). *See id.* at 808; *Crawford*, 586 F.3d at 1151-52. Although the Supreme Court has

instructed against using the lodestar method to calculate fees, a court may "consider the lodestar

calculation, but only as an aid in assessing the reasonableness of the fee." *Crawford*, 586 F.3d

at 1148; *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may consider counsel's record of

PAGE 3 – OPINION AND ORDER

hours spent representing claimant and counsel's normal hourly billing rate for non-contingency work as an aid in considering reasonableness of requested fees).

## BACKGROUND

The relevant procedural background in this matter is discussed in full in Judge Acosta's Findings and Recommendation. Dkt. 33. Briefly, Alter's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") was denied by an Administrative Law Judge ("ALJ"). The Appeals Council denied Alter's request for review, making the ALJ's decision the final decision of the Commissioner of the Social Security Administration ("Commissioner"). Alter challenged the ALJ's ruling on five grounds, which Defendant opposed. Judge Acosta issued Findings and Recommendation, specifically recommending that this Court reverse the Commissioner's decision denying Alter DIB and SSI and remand for an immediate award of benefits. Dkt. 21. The Court adopted Judge Acosta's Findings and Recommendation. Dkt. 23. On February 13, 2014, the Court granted Alter's unopposed motion for attorney's fees pursuant to the Equal Access to Just Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $6,100.

On March 31, 2014, counsel for Alter filed a motion for fees pursuant to 42 U.S.C. § 406(b). Dkt. 30. Counsel argued that Alter's appeal presented a high risk of loss and delay, specifically because Alter's appeal took more than two years and involved a claim based on excess pain associated with fibromyalgia that was difficult to prove. *Id.* Further, counsel noted that the appeal was contested by Defendant and that after fully briefing the case, counsel's file notes reflected that the risk of loss was high. *Id.* Counsel also discussed the general risk applicable to social security cases, including the fact that there is a 26.4 percent chance of winning benefits in most cases appealing decisions of the Commissioner. Counsel requested fees

PAGE 4 – OPINION AND ORDER

in the amount of $27,613.25 pursuant to 42 U.S.C. § 406(b). Based on the 33.20 hours counsel

reasonably spent on this case, the effective hourly rate requested was $831.72.

## DISCUSSION

The Court adopts Judge Acosta's analysis regarding the first three factors under

*Crawford*, specifically, the character of counsel's representation, the favorable results achieved,

and the lack of any undue delay in bringing the appeal. Regarding the final factor considering the

issue of proportionality, the Court rejects this portion of Judge Acosta's Findings and

Recommendation. Judge Acosta's reasoning was two-fold: (1) that Alter's case was not

especially risky for counsel to adjudicate; and (2) counsel's effective hourly rate of $831.71 was

too high when considered in the context of the "average" nature of social security cases in this

district and, thus, a lower effective hourly rate of $582.20 was more reasonable.

First, counsel explained why there were both specific and general risks associated with

representing Alter. This explanation of risk is sufficient under *Crawford* to demonstrate why

counsel's request for fees is reasonable. *See Crawford*, 586 F.3d at 1151-52. Second, regarding

counsel's effective hourly rate, the Court finds that counsel's request for fees is not a windfall

and is reasonable. The Court relies on Judge Brown's reasoning in *Breedlove v. Astrue*, 2011 WL

2531174, at *7-9 (D. Or. June 24, 2011). Further, the effective hour rate for the requested fee,

approximately $831.72, is below effective hour rates that have been approved in this district. *See,*

*e.g.*, *Quinnin v. Colvin*, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) (approving de facto

hourly rate of $1,240 for attorney time); *Ali v. Comm'r*, 2013 WL 3819867, at *3 (D. Or. July

21, 2013) (approving de facto hourly rate of $1,000); *Breedlove*, 2011 WL 2531174, at *9

(approving de facto hourly rate of $1,041.84).

Accordingly, the Court concludes that Alter's counsel met his burden to demonstrate the

existence of the 25 percent contingency-fee agreement and the reasonableness of counsel's

PAGE 5 – OPINION AND ORDER

request for $27,613.25 pursuant to the Supreme Court's decision in *Gisbrecht* and the Ninth

Circuit's decision in *Crawford*. The time spent and work performed by Alter's counsel is not out

of proportion with the resulting award of benefits and would not represent a windfall given the

risk and complexity associated with Alter's case.

## CONCLUSION

The Court ADOPTS IN PART and REJECTS IN PART Judge Acosta's Findings and

Recommendation. Dkt. 33. The Court GRANTS Plaintiff's counsel's motion for attorney's fees

pursuant to 42 U.S.C. 406(b). Dkt. 30. Plaintiff's counsel is entitled to $27,613.25 in § 406(b)

fees, representing 25 percent of Plaintiff's retroactive benefits recovery. When issuing the § 406

payment to Plaintiff's counsel, the Commissioner is directed to subtract the $6,100 previously

awarded under the EAJA and send Plaintiff's attorney the balance of $21,513.25, less any

applicable assessment as allowed by statute. The Commissioner is further directed to send the

§ 406(b) payment to Plaintiff's counsel at P.O. Box 370578, Las Vegas, NV 89137. After all

administrative and attorney's fees are paid, the Commissioner is directed to release to Alter any

amount withheld, including the EAJA fee offset.

**IT IS SO ORDERED**.

DATED this 11th day of July, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge